# IN THE COURT OF APPEALS OF IOWA

---

No. 25-0978
Filed June 24, 2026

---

**Shantel Nasha Jones,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

---

Appeal from the Iowa District Court for Polk County,
The Honorable Jeffrey Farrell, Judge.

---

**AFFIRMED**

---

Austin Jungblut of Parrish Kruidenier, L.L.P., Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Schumacher, P.J.

**SCHUMACHER, Presiding Judge.**

Shantel Jones appeals the district court's denial of her application for postconviction relief (PCR). Jones claims her trial counsel was ineffective for failing to advise her that she could challenge her traffic stop through a motion to suppress before pleading guilty. Upon our review, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

At approximately 10:45 p.m. on September 29, 2022, West Des Moines Police Officer David Johnson observed two vehicles traveling eastbound ahead of him. Officer Johnson watched as the second vehicle "abruptly changed lanes, passed the first car and continued traveling east at a high rate of speed." He "caught up to the vehicle and paced at approximately 45 miles per hour in a 35 miles per hour zone."

Officer Johnson initiated a traffic stop, and the vehicle "came to a stop with its passenger side rear tire on top of the curb." He asked the driver, Jones, why she sped around the other car "at such a high rate of speed," to which Jones responded, "[b]ecause they were driving too slow." Officer Johnson observed that Jones exhibited signs of intoxication, and Jones stated she had one drink. Officer Johnson administered field sobriety tests and a preliminary breath test.[1] As a result of her performance, Jones was arrested for operating while intoxicated.

The State charged Jones with operating while intoxicated, first offense. Attorney Jesse Macro was appointed to represent her. Attorney Macro's office scheduled three meetings with Jones, which she failed to attend. Jones met with Attorney Macro at the courthouse for her pretrial conference,

---

[1] Jones refused a Datamaster test after being read the implied consent advisory.

where they discussed her case. Prior to the conference, Attorney Macro had reviewed Jones's file and determined there was no basis for a motion to suppress. Attorney Macro went through his "standard protocol" with Jones to explain her decision to plead guilty or go to trial. Ultimately, Jones elected to plead guilty, and she entered a written plea of guilty that day.

Jones later filed a pro se PCR application, claiming Attorney Macro failed to investigate her case and counsel her on "several questions concerning the plea deal." During the PCR hearing, Jones specified that Attorney Macro failed to evaluate whether a motion to suppress should be filed, which prevented her from entering a voluntary and intelligent plea.[2] Attorney Macro testified via deposition and disputed Jones's claims.

The district court denied Jones's application. Jones appeals.

## STANDARD OF REVIEW

We review challenges to PCR determinations based on ineffective assistance of counsel de novo, as these claims raise constitutional issues. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

## DISCUSSION

Jones claims Attorney Macro was ineffective for failing to advise her that she could challenge her traffic stop through a motion to suppress before pleading guilty. To sustain her claim, Jones must show (1) counsel breached an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

---

[2] Jones also maintained the district court "shouldn't have jurisdiction" because she's "a U.S. national," but she does not pursue that claim on appeal.

Attorney Macro testified that he reviewed Jones's file and determined "[t]here wasn't a valid motion [to suppress]," because "[a]ll they need is the officer to say it to get to the next level. There's no rule that says they have to show a radar gun, they have to videotape them pacing them, things of that nature." Attorney Macro stated that he spoke to Jones "about all options," including that they could go to trial. He recalled that Jones was "all fired up," until she was presented a plea deal, and "she accepted it." He stated that he went through the standard written plea form with Jones, which they both signed. Attorney Macro testified that Jones "wanted to start her probation," so she waived a delay in sentencing.

The PCR rejected Jones's claim, stating in part:

> The record shows that applicant entered a knowing and voluntary guilty plea and that her claims of ineffective assistance of counsel are baseless. First, her claims that Macro did not meet with her before her pretrial conference are rebutted by Macro's testimony that she failed to show for three office appointments. Second, even if she wanted to file a motion to suppress, Macro credibly and correctly testified that there was no basis to file one. The officer had valid grounds to stop her based on pacing her speed. Third, Macro's testimony that he fully advised applicant as to her rights and the consequences of the plea are credible. Macro has been in a criminal defense practice for 30 years (as of the time of this plea) and is well-regarded in the legal community. He has a standard practice how he advises clients. The court finds it believable that he employed that practice in this case. Finally, the State had a very strong case against applicant. She was stopped for speeding, she parked the car on a street curb, she had an open container in the car, she admitted to drinking at least some alcohol, and she failed field sobriety tests and a PBT. She had good reason to plead guilty, accept the minimum sanction, and get started serving her one-year probation. There is no basis for belief the plea was coerced or involuntary.

We concur with the court's conclusion. Attorney Macro had no duty to pursue a meritless course of action. *See McCormick v. State*, No. 24-1962,

4

2025 WL 3022733, at *3 (Iowa Ct. App. Oct. 29, 2025) (concluding trial counsel "was not ineffective in not moving to suppress evidence, as such motion was meritless"); *State v. Perkins*, 2 N.W.3d 889, 893 (Iowa Ct. App. 2023) (collecting cases supporting the proposition that an officer's visual examination can provide probable cause the vehicle is speeding). Moreover, Jones has failed to establish—or even decisively claim—that she would not have pled guilty and would have insisted on going to trial but for Attorney Macro's alleged ineffective assistance. *See Sothman*, 967 N.W.2d at 523 (noting that "to satisfy the prejudice requirement, [the applicant] must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial" (cleaned up)). Lastly, we note the PCR court found Attorney Macro's testimony to be credible, and we give weight to this credibility finding. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

We conclude Jones failed to prove either prong of her ineffective-assistance claim. We therefore affirm the court's denial of her PCR application.

**AFFIRMED.**

5